# IN THE COURT OF APPEALS OF IOWA

No. 15-1774
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN DALE BRADLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


        A defendant appeals the district court's denial of his motion to strike the collection of restitution by the Iowa Department of Corrections.  **AFFIRMED.**


        Jane M. White of Jane White Law Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee.


        Considered by Mullins, P.J., McDonald, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Steven Bradley appeals the district court's denial of his motion to strike the Iowa Department of Corrections's (the IDOC) collection of the restitution ordered in his criminal case. Following a 1995 guilty plea, Bradley was convicted of first-degree murder, he was sentenced to life in prison without the possibility of parole, and he was ordered to pay restitution. *See State v. Bradley*, 637 N.W.2d 206, 209–10 (Iowa Ct. App. 2001). In April 2015, Bradley received a notice from the Polk County Clerk of Court of the current amount due on the restitution obligation. Then in May 2015, he received a "Notice of Intent to Levy" from the Iowa Department of Revenue (the IDR), notifying him that his court debt had been sent to the IDR for collection and a 10% collection fee was being added to the liability amount as a result. Bradley does not contest that he owes the restitution or that the State can collect the restitution, but he claims the IDOC cannot continue to collect the amount owed once the IDR became involved in the collection effort.

Iowa Code section 910.7A (2015) provides that an order of restitution constitutes a judgment and lien against all property of the defendant and the judgment of restitution may be enforced in the same manner as a civil judgment. The amount owed for restitution is included in the definition of "court debt" under section 602.8107(1),[1] which the district court clerk is charged with collecting and

---

[1] This code section was amended in 2015, and the amendment became effective July 1, 2015. *See* 2015 Iowa Acts ch. 138, §§ 92–96. In 2016, the statute was amended again, and that amendment became effective July 1, 2016. *See* 2016 Iowa Acts ch. 1119, §§ 5–6. Because Bradley filed his challenge with the district court on June 5, 2015, prior

applying to the balance owed. Iowa Code § 602.8107(2). If the restitution plan of payment becomes delinquent by more than thirty days, the judicial branch must assign the case to the "centralized collection unit of the department of revenue" to collect the debt owed for a period of one year. *Id.* § 602.8107(3). In addition, the IDOC is required to maintain inmate accounts for the deposit of allowances and money sent to the inmate from other sources. *Id.* § 904.702(1). From that account the IDOC must deduct "an amount established by the inmate's restitution plan of payment." *Id.*

Contrary to Bradley's assertion, there is no provision that restricts the IDOC from continuing to collect the restitution plan of payment from an inmate's account once the judicial branch assigns the collection of the delinquent debt to the IDR. Neither do we find that the simultaneous collection efforts lead to an "absurd result," as Bradley contends. He makes no claim that he has paid more than is required of him to pay under the restitution order. The State is only seeking to collect the amount owed from the various avenues legally available. Until such time that Bradley is required to pay more than he is legally responsible to pay, Bradley's challenge is premature. We affirm the district court's order denying Bradley's motion to strike the IDOC's collection of restitution.

**AFFIRMED.**

---

to the effective date of either of these amendments, we apply the law in effect at the time he filed his challenge.